NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BLAKE YOUNG,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2023-1309

---

Petition for review of the Merit Systems Protection Board in Nos. NY-0752-17-0024-I-1, NY-752S-17-0024-B-1.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM

# **O R D E R**

Blake Young seeks review of two related Merit System Protection Board decisions—*Young v. United States Postal Service*, MSPB Docket No. NY-0752-17-0024-I-1, 2022 WL 3696854 (Aug. 26, 2022) ("I-1 matter") and *Young v. United States Postal Service*, MSPB Docket No. NY-752S-17-0024-

B-1, 2022 WL 17587692 (Dec. 9, 2022) ("B-1 matter")—dismissing his appeals for lack of jurisdiction.

In the I-1 matter, Mr. Young filed an appeal challenging a 2016 agency action placing him in an "emergency off-duty status without pay" only five days after the agency action. *See* SAppx.[1] 16. Mr. Young "disputed the agency's reasons for placing him in such status and raised claims of harmful procedural error and discrimination." *Id.*[2] The administrative judge dismissed for lack of jurisdiction because the Board only has jurisdiction over suspensions that are more than fourteen days. On August 26, 2022, the Board issued its final decision in the I-1 matter affirming dismissal. However, the Board noted "appellant submitted . . . pay stubs" with accruals of leave without pay that the "administrative judge and the agency did not address." SAppx. 24. As such, the Board found "[Mr. Young's] allegations, when viewed in light of the aforementioned evidence, constitute a claim that, since the time that he filed the instant appeal, he might have been suspended for more than 14 days," which would establish an appealable action to the Board. SAppx. 25. Therefore, the Board forwarded the I-1 matter to the New York Field Office for docketing as a new appeal—the B-1 matter—to adjudicate

---

[1]    "SAppx." refers to the supplemental appendix that the respondent filed concurrently with its informal brief.

[2]    The Port Chester Postmaster placed Mr. Young in emergency off-duty status without pay following Mr. Young's "outburst" in connection with a car accident and a required medical exam. *See* SAppx. 16, 45–46. From the record, it appears that when the Postmaster questioned Mr. Young, he "yell[ed]" that he should not be singled out to take the medical exam, claimed that white carriers did not have to take the exam and the requirement was imposed to "put[] down the black man," and refused to take the exam. SAppx. 128, 132; *see also* SAppx. 53–55.

Mr. Young's claim. *Id.* The administrative judge issued a decision on December 9, 2022, dismissing the B-1 matter. This court received Mr. Young's appeal of both the I-1 and B-1 matters on December 12, 2022.

Because Mr. Young asserted that he did not wish to abandon his discrimination claim on judicial review, *see* ECF No.[3] 4; ECF No. 7 at 4, 6, this court directed the parties to show cause why these cases should not be transferred. ECF No. 16 at 2–3. The parties' responses were included in their respective informal responsive briefing. ECF Nos. 30 (Intervenor Response Brief), 32 (Respondent Response Brief).

Having now considered the briefs, we transfer the appeals of the I-1 matter and B-1 matter to the United States District Court for the Southern District of New York because they are "mixed case[s]" that we lack jurisdiction over. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 431–32 (2017).

The related I-1 matter and B-1 matter are mixed cases because, in each filed complaint, Mr. Young "complained of personnel action serious enough to appeal to the MSPB"—here, a suspension for more than 14 days—and "alleged that the personnel action was based on discrimination." *Perry*, 582 U.S. at 432 (quotations and alterations omitted); *see* SAppx. 2, 45–46, 99–110; ECF No. 4; ECF No. 7 at 4, 6. "Judicial review of such a case lies in district court." *Perry*, 582 U.S. at 432. Therefore, we find it appropriate to transfer under 28 U.S.C. § 1631 to the Southern District of New York, where the employment action occurred.

IT IS ORDERED THAT:

---

[3] "ECF No." refers to the electronic filing system's docket number assigned to a filing at the Court of Appeals for the Federal Circuit.

The appeal of MSPB Docket No. NY-0752-17-0024-I-1 and the appeal of MSPB Docket No. NY-752S-17-0024-B-1 are transferred.  The petition for review and all the filings are transmitted to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 13, 2023
Date